UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
NAHOKO MIZUTA and KENTARO MIZUTA, as
Parents and Natural Guardians of Y.M., and
NAHOKO MIZUTA and KENTARO MIZUTA,
Individually,

                                   Plaintiffs,                       **COMPLAINT**

        -against-

                                               **20-CV-**
THE NEW YORK CITY DEPARTMENT
OF EDUCATION and NEW YORK STATE
EDUCATION DEPARTMENT,

                               Defendants.
------------------------------------------------------------------X

       NAHOKO MIZUTA and KENTARO MIZUTA, as parents and natural guardians of Y.M.[1], and NAHOKO MIZUTA and KENTARO MIZUTA, individually, as and for their Complaint, allege as follows:

**JURISDICTION AND VENUE**

1.    The instant case arises under a federal statute, the Individuals with Disabilities Education Act ("IDEA") (20 U.S.C. § 1400 et seq.) and the regulations of the United States Department of Education, which were promulgated pursuant to authority granted by the statute (34 C.F.R. Part 300).

2.    This Court has subject matter jurisdiction of this matter under 28 U.S.C. § 1331, in that claims arise under federal law (IDEA), 28 U.S.C. § 1343(a), in that the claims herein arise under laws providing for the protection of civil rights, and under 42 U.S.C. § 1983.

3.    To the extent, if any that this case involves questions of special education rights under New York State law, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

---

[1] Although the full names of the Parents are shown in the Complaint herein, Plaintiffs are using the initials of the Student to protect the Student's privacy, pursuant to the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g (and 34 C.F.R. Part 99).

4. Pursuant to 28 U.S.C. § 1391(b), venue is properly placed within the Southern District of New York in that Defendants New York City Department of Education ("DOE") and New York State Education Department ("SED") maintain business offices in New York County.

5. Plaintiffs are entitled to costs and attorneys' fees under 42 U.S.C. § 1988(b) and 20 U.S.C. § 1415B(i), if determined to be the prevailing party.

## FACTUAL ALLEGATIONS

6. NAHOKO MIZUTA and KENTARO MIZUTA ("Plaintiffs" or "Parents") are the parents and natural guardians of the student Y.M.

7. Y.M. is a ten-year-old girl who suffers from a brain injury. As a result of her brain injury, she has global developmental impairments which adversely affect her educational abilities and performance. She is non-verbal and non-ambulatory and has been diagnosed with a seizure disorder, developmental delays, hypotonia, and decreased reflexes. As a result, she has intensive management needs and requires a significant degree of individualized attention, instruction, and intervention.

8. Y.M. is classified as a student with a disability and is a resident of the City and State of New York. As such, DOE is obligated to provide her with a Free Appropriate Public Education ("FAPE") pursuant to IDEA. Accordingly, the DOE must provide Y.M. with an appropriate educational placement, set forth in an Individualized Education Program ("IEP"), for every school year.

9. The Individualized Education Program ("IEP") issued by the DOE for the 2016-2017 school year contained program recommendations consisting of, inter alia: 1) a disability classification of Traumatic Brain Injury ("TBI"); 2) placement in a class with eight students, one teacher, and one paraprofessional ("8:1:1") at a District 75 public school; 3) related services with a duration of sixty (60) minutes for occupational therapy and speech-language and forty-five

2

(45) minutes for physical therapy; 4) an individual health paraprofessional; and 5) an individual transportation paraprofessional.

10. On May 4, 2017, the Committee for Special Education ("CSE") reconvened to develop an IEP for the student for the 2017-2018 school year. That meeting occurred without the parents being present. The CSE reclassified the student from traumatic brain injury to multiple disabilities, recommended that the student receive her instruction in an 8:1:1 class and reduced the amount of her related services.

11. On May 3, 2018 in Impartial Hearing Case No. 171103, the Impartial Hearing Officer ("IHO") who presided over that case, IHO Jeffrey J. Schiro, found that DOE failed to offer a FAPE to Y.M. for the 2017-2018 school year. Additionally, IHO Schiro found that the May 2017 IEP is a nullity because it was prepared by a CSE team that had been improperly composed, and he directed the CSE to reconvene and reclassify the student as having an IDEA disability classification of traumatic brain injury. IHO Schiro also found the program Y.M. was attending at the time, the International Academy of Hope ("iHOPE") to be an appropriate placement for her, and held that the relevant equities in the case supported an award of tuition and related service costs for the 2017-2018 school year.

12. On or about June 21, 2018, Parents provided DOE with a ten (10) day notice advising that Y.M. was being placed into the International Institute for the Brain ("iBRAIN") educational program for the 2018-2019 school year.

13. On July 9, 2018, Parents brought a due process complaint under Impartial Hearing Case No. 175151 against DOE alleging, among other things, that the DOE did not provide Y.M. with a FAPE for the 2018-2019 school year ("FAPE Claim") and requesting as relief, among other things, a "stay-put" or pendency order requiring the DOE fund Y.M.'s placement at iBRAIN

during the pendency of the due process proceeding ("Pendency Claim"), as required under 20 U.S.C. § 1415(j).

14. There were pendency hearings, on August 17, 2018 and on September 5, 2018. At the pendency hearing on September 5, 2018, Parents relied on IHO Schiro's May 3, 2018 Findings of Fact and Decision ("FOFD"), which ordered the DOE to fund Y.M.'s placement at iHOPE for the 2017-2018 school year, as a basis for pendency. They argued that Y.M.'s current educational program at iBRAIN is substantially similar to her 2017-2018 educational program at iHOPE and, thus, that Y.M.'s current educational program at iBRAIN is her pendency placement for the 2018-2019 school year.

15. In an Interim Order, dated September 15, 2018, IHO Lassinger found that there was no evidence presented about unavailability for Y.M to remain at iHOPE, therefore, there is no legal basis for her to find that the educational program at iBRAIN is substantially similar to that at iHOPE.

16. On October 10, 2018, Plaintiffs sent an e-mail correspondence to IHO Lassinger respectfully requesting that she recuse herself from the matter.

17. On October 10, 2018, IHO Lassinger denied Plaintiffs' request for recusal.

18. On October 25, Plaintiffs appealed IHO Lassinger's Interim Order on Pendency to the State Review Office.

19. On December 19, 2018, SRO Sarah L. Harrington ("SRO Harrington") rendered a decision in SRO Appeal No. 18-123, and found IHO Lassinger erred in resting her denial of Plaintiffs' request for pendency placement at iBRAIN on her findings that Plaintiffs were not free to unilaterally transfer Y.M. from one school to another under pendency, and that there was no evidence presented that Y.M. could not remain at iHOPE. In the same decision, SRO Harrington also ordered that the matter be remanded back to IHO Lassinger to render a

determination, within *twenty (20) days*, as to whether there is a substantial similarity between the educational program at iBRAIN and the program established by IHO Schiro's unappealed FOFD.

20. On December 21, 2018, Plaintiffs received SRO Hartington's Appeal Decision via United States Postal Service mail.

21. On December 21, 2018, upon receipt of the SRO Decision, IHO Lassinger scheduled a hearing for January 4, 2019, directed by SRO Appeal No. 18-123.

22. On January 4, 2019, IHO Lassinger held a hearing to address the issue on substantial similarity, pursuant to SRO Appeal No. 18-123. At the conclusion of the hearing, Plaintiff's counsel made clear that Plaintiff's understanding of the SRO's decision was for IHO Lassinger to render a new Order on Pendency. On January 8, 2019, IHO Lassinger issued Interim Order on Remand, finding that the 2018-2019 educational program at iBRAIN is substantially similar to the 2017-2018 educational program at iHOPE. However, IHO Lassinger declined to make a decision regarding Y.M.'s pendency placement, and declined to order the DOE to fund Y.M.'s pendency placement at iBRAIN.

23. DOE did not appeal IHO Lassinger's Interim Order on Remand, leaving unappealed IHO Lassinger's application of the substantial similarity legal standard and her determination that the two educational programs at issue are substantially similar.

24. On January 14, 2019, Plaintiffs faxed a letter to SRO Harrington, requesting an order for the DOE to fund Y.M.'s placement at iBRAIN under pendency based on IHO Lassinger's finding of substantial similarity.

25. On January 15, 2019, SRO Harrington faxed a letter denying Plaintiffs' request, stating that she does not retain jurisdiction over this matter.

26. On January 16, 2019, IHO Lassinger recused herself from hearing the above-mentioned matter.

27. With the SRO's disavowal of jurisdiction and IHO Lassinger's recusal, all administrative avenues of obtaining pendency relief were shut off to Plaintiffs, leaving them with no other recourse than to file a complaint with a court of competent jurisdiction, which they did by filing an action in this Court on or about January 18, 2019, under Index No. 19 CV 537.

28. The federal court action was assigned to the late Honorable Deborah A. Batts.

29. Plaintiffs filed a motion for a preliminary injunction by Order to Show Cause ("P.I. Motion") on or about January 22, 2019.

30. Judge Batts took no action concerning the P.I. Motion, neither ordering a schedule to complete briefing thereof nor ruling on its merits.

31. On January 29, 2019, IHO Edgar De Leon was appointed by DOE as the new IHO of the administrative case.

32. On or about February 1, 2019, Plaintiffs moved the Court for a conference to obtain a hearing on the merits of the P.I. Motion or, alternatively, a briefing schedule.

33. Having received no response from the Court, on or about March 5, 2019, Plaintiffs informed the Court that the time for an appeal of IHO Lassinger's Interim Order on Remand had expired and again moved the Court for a conference to obtain a hearing on the merits of the P.I. Motion or, alternatively, a briefing schedule.

34. On March 6, 2019, the Court issued an order denying both of Plaintiffs' applications for a conference but otherwise taking no action concerning the case, generally, or the P.I. Motion, specifically.

35. On or about April 5, 2019, Plaintiffs moved a temporary restraining order and preliminary injunction for pendency by Order to Show Cause ("Pendency Motion"), updating the P.I.

Motion to include the fact that IHO Lassinger's Interim Order on Remand was now unappealed and therefore the law of the case.

36. The Honorable George B Daniels executed the Order to Show Cause and scheduled a hearing of the matter for April 11, 2019.

37. On April 9, 2019, Judge Batts issued an order ("Pendency Denial Order") vacating the executed Order to Show Cause and holding that failed to demonstrate the right to either a temporary restraining order or a preliminary injunction, not only depriving Plaintiffs of the opportunity to have a hearing of the case before the Court but also effectively denying the Pendency Motion itself.

38. On April 10, 2019, Plaintiffs filed an interlocutory appeal of the Pendency Denial Order to the Second Circuit Court of Appeals under Index No. 19-940.

39. On September 5, 2019, IHO De Leon issued an FOFD declining to adjudicate Plaintiff's Pendency Claim and dismissing Plaintiffs' entire administrative case, without prejudice.

40. On October 29, 2019, a judicial panel of the Second Circuit Court of Appeals issued a summary order dismissing the appeal on jurisdiction grounds only, leaving the merits of Plaintiffs' Pendency Claim unresolved.

41. Plaintiffs appealed from IHO De Leon's FOFD to the Office of State Review of the New York State Education Department.

42. On October 23, 2019, State Review Officer Steven Krolak ("SRO Krolak") rendered a decision in SRO Appeal No. 19-089 ("SRO Decision").

43. In the SRO Decision, SRO Krolak erred in declining to adjudicate Plaintiff's Pendency Claim based on the unappealed factual determination of substantial similarity by IHO Lassinger, despite explicitly finding that "the dispute surrounding the student's stay-put placement in this matter has been at issue for well over a year."

7

44. The SRO also erred in declining to adjudicate Plaintiffs' FAPE Claim by reviewing the evidence in the record and administering the three-prong test involved therein.

45. In the SRO Decision, SRO Krolak issued a remand of the case, as it pertains to the FAPE Claim only, leaving Plaintiffs' Pendency Claim unresolved.

46. The SRO Decision's remand of the FAPE claim included instructions that "another IHO shall be appointed in accordance with the district's rotational selection procedures and State regulations."

47. To date, DOE has failed to appoint another IHO or to otherwise reassign the administrative case as per the instructions of the SRO Decision.

## CAUSES OF ACTION

48. DOE's failure to provide Y.M. with a FAPE for the 2018-2019 school year has violated Plaintiffs' rights under New York Education Law § 4400, *et seq*., and 20 U.S.C. § 1400, *et seq*.

49. SED's failure to directly adjudicate Plaintiffs' FAPE Claim has violated their rights under New York Education Law § 4400, *et seq*., and 20 U.S.C. § 1400, *et seq*.

50. Plaintiffs have been deprived of their rights under 20 U.S.C. § 1415(i)(2) and 1415(j) by DOE.

51. Plaintiffs have been deprived of their rights by SED pursuant to 20 U.S.C. § 1415(i)(2) and 1415(j) through SED's failure to appoint an IHO to adjudicate the administrative case.

## RELIEF

WHEREFORE, Plaintiffs seek appellate review and reversal of SRO Krolak's Decision in SRO Appeal No. 19-089, dated October 23, 2019 and a reversal of IHO De Leon's entire decision in IH Case No. 175151 and respectfully request that this Court:

a. Issue an Order:

     i.     Vacating SRO Decision 19-089, dated October 23, 2019;

ii.     Vacating and reversing IHO De Leon's FOFD in IH Case No. 175151 in its entirety;

iii.    Directing DOE to fund Y.M.'s pendency placement at iBRAIN for the 2018-2019 school year based on IHO Lassinger's <u>unappealed</u> factual determination of substantial similarity supporting Plaintiffs' Pendency Claim;

iv.    Declaring that DOE denied Y.M. a FAPE for the 2018-2019 school year; 2) that Parents' unilateral placement at iBRAIN was appropriate for Y.M.; and 3) that the equities support a full award of direct payment and/or reimbursement of tuition and related services at iBRAIN for Y.M., and directing that DOE make such direct payment on FAPE Claim;

v.     Alternatively, ordering a remand to the SRO for a decision on Plaintiffs' Pendency Claim based on IHO Lassinger's <u>unappealed</u> factual determination of substantial similarity and a decision on Plaintiffs' FAPE Claim based on a determination of whether: 1) DOE denied Y.M. a FAPE for the 2018-2019 school year; 2) Parents' unilateral placement at iBRAIN was appropriate for Y.M.; and 3) the equities support a full award of direct payment and/or reimbursement of tuition and related services at iBRAIN for Y.M.

vi.    Award to Plaintiffs attorneys' fees and costs; and

vii.   Grant such other and further relief as this Court deems just and proper.

Dated: February 24, 2020

/s: Peter G. Albert/
Peter G. Albert, Esq.
Brain Injury Rights Group, Ltd.
300 E. 95th St. – Suite 130
New York, New York 10128
(646) 850-5035